UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:01-cr-243-T-23MAP
                                                                     8:03-cv-2699-T-23MAP
MICHAEL DESHON BALL
_____/

**O R D E R**

Judgment was entered (Doc. 17) in 2007 and certiorari was denied (Doc. 27) in 2008.  Ball's 2011 motion to reopen (Doc. 28) was denied.  (Doc. 31)  Ball's notice of appeal (Doc. 32) is construed as a request for a certificate of appealability.

Rule 11(a), Rules Governing Section 2255 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in

conformity with the meaning of the "substantial showing" standard
provided in Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. 1595.

Ball's motion to reopen was denied on the merits, which motion is based on Ball's misunderstanding of the significance of an exhibit list. Because jurists of reason would not fairly debate whether the motion states a valid claim of the denial of a constitutional right, a certificate of appealability is unwarranted.

Accordingly, the construed request to issue a certificate of appealability (Doc. 33) is **DENIED**. Ball must pay the full $455 filing fee without installments to pursue his appeal.

ORDERED in Tampa, Florida, on January 28, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE